USCA1 Opinion

 

 May 12, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1859 AARON J. MILLER, Plaintiff, Appellant, v. KENNEBEC COUNTY SHERIFF'S DEPARTMENT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Aaron J. Miller on brief pro se. _______________ ____________________ ____________________ Per Curiam. Aaron J. Miller appeals pro se from __________ ___ __ the district court's 1915(d) dismissal of his 1983 action. We affirm in part and reverse in part. A district court may dismiss a complaint filed in __ forma pauperis if "the action is frivolous or malicious." 28 _____ ________ U.S.C. 1915(d). A claim is frivolous within the meaning of 1915(d) if it is "based on an indisputably meritless legal theory," lacking "even an arguable basis in law." Neitzke v. _______ Williams, 490 U.S. 319, 327-28 (1989). Failure to state a ________ claim under Fed. R. Civ. P. 12(b)(6) does not necessarily render a complaint frivolous for purposes of 1915(d). Id. ___ at 331. A complaint is also subject to dismissal under 1915(d) if it is "factually frivolous," i.e., "if the facts ____ alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 ______ _________ (1992) (citations omitted). A district court's 1915(d) dismissal is reviewed for abuse of discretion. Id. at 1734. ___ Due Process Claim _________________ "When a deprivation of property interest is occasioned by random and unauthorized conduct by state officials, . . . the Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of postdeprivation remedies provided by the state." Lowe v. ____ Scott, 959 F.2d 323, 340 (1st Cir. 1992). In reliance upon _____ -2- that rule of law, the Magistrate Judge to whom the complaint was referred recommended dismissal of Miller's due process claim. The Magistrate Judge's Recommended Decision specifically noted that "an adequate remedy does exist because Plaintiff can file a state court suit to recover damages for the loss of his property." In his objection to the Magistrate Judge's Recommended Decision, Miller failed to contest that an adequate post-deprivation remedy exists. Instead, he disputed the Magistrate Judge's implicit finding that Miller's deprivation of property was based upon "random and unauthorized" conduct. Miller claimed that he was "challenging the Sheriff's Department ordinances and customs allowing disposal of property without notice or a hearing, or any procedures as to how to reclaim said property." Miller failed, however, to identify the specific "ordinances and customs" to which he referred. Nor do the factual allegations in Miller's complaint support his claim that the conduct was not "random and unauthorized." G i v e n t h e Magistrate Judge's Recommended Decision notifying Miller of the deficiencies of his due process claim, and Miller's failure to correct those inadequacies, the district court did not abuse its discretion in dismissing Miller's due process claim pursuant to 1915(d). See Purvis v. Ponte, 929 F.2d ___ ______ _____ 822, 826-27 (1st Cir. 1991) (affirming 1915(d) dismissal of -3- complaint for failure to state a claim where magistrate's report notified plaintiff of complaint's deficiencies and plaintiff failed to cure them). Fourth Amendment Claim ______________________ The Magistrate Judge's Recommended Decision did not address Miller's Fourth Amendment claim. Therefore, the dismissal was proper only if Miller's Fourth Amendment claim was based upon an "indisputably meritless legal theory," lacking "even an arguable basis in law," Neitzke, 490 U.S. at _______ 327-28, or was based upon "fantastic" or "delusional" factual allegations. Denton, 112 S. Ct. at 1733.  ______ The complaint alleges that defendants, acting under color of state law, searched Miller's home and seized his property under authority of a warrant that was not supported by probable cause. These facts, if proved, could state a valid Fourth Amendment claim. The allegation that the warrant was issued by a Justice of the Peace does not render Miller's legal theory baseless. "Judicial approval of a warrant cannot serve as an absolute bar to the 1983 liability of the officer who obtained the warrant." Briggs v. ______ Malley, 748 F.2d 715, 721 (1st Cir. 1984), aff'd, 475 U.S. ______ _____ 335 (1986). Since the district court failed to address Miller's Fourth Amendment claim, and since that claim is not meritless on its face, we vacate that portion of the dismissal order. -4- We remand the case for the filing of a redacted complaint limited to the Fourth Amendment claim, for service of process, and for further proceedings not inconsistent herewith. Affirmed in part, vacated in part, and remanded. _______________________________________________ -5-